# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:07-cr-521-T-30EAJ |
| | USM NUMBER: 50005-018 |
| vs. | |
| FRED TOKARSKY | Defendant's Attorney: Kenton Sands, ret. |

THE DEFENDANT:

__ pleaded guilty to count(s)
__ pleaded nolo contendere to count(s) which was accepted by the court.
_X_ was found guilty on count(s) ONE, THREE and FOUR of the Superseding Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 2 | Devising a Scheme to Defraud through Mail Fraud | August 2006 | One |
| 18 U.S.C. § 1341, 1343 and 1349 | Conspiracy to Commit Mail Fraud and Wire Fraud | August 2006 | Three |
| 18 U.S.C. § 641 | Theft of Government Funds | August 2006 | Four |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
__ Count(s) are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 4, 2008

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: November ___4___, 2008

Defendant: FRED TOKARSKY  
Case No.: 8:07-cr-521-T-30EAJ

Judgment - Page 2 of 5

## PROBATION

The defendant is hereby placed on probation for a term of **THREE (3) YEARS** as to as to Counts One, Three and Four of the Superseding Indictment, all such terms to run concurrently.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: FRED TOKARSKY  
Case No.: 8:07-cr-521-T-30EAJ

Judgment - Page 3 of 5

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

X     The defendant shall participate in the Home Detention program for a period of SIX (6) MONTHS. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

X     The defendant shall perform 200 hours of community service as directed by the probation officer. This community service shall be completed within the first two years of probation.

X     The defendant shall participate as directed in a program of mental health treatment (outpatient and/or inpatient) and follow te probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X     Until such time as the restitution amount is paid in full, the defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

X     The defendant shall provide the probation officer access to any requested financial information.

X     The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X     The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived. However, the Court orders the probation officer to conduct random drug testing not to exceed 104 tests per year.

| | | |
|---|---|---|
| Defendant: | FRED TOKARSKY | Judgment - Page 4 of 5 |
| Case No.: | 8:07-cr-521-T-30EAJ | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $10,000 | $10,016 |

\_   The determination of restitution is deferred until \_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Restitution Ordered |
|---|---|
| Social Security Administrative | $10,016 |
| | |
| Totals: | $10,016 |

\_   Restitution amount ordered pursuant to plea agreement $ _____.

\_   The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   \_   the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

   \_   the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: FRED TOKARSKY  
Case No.: 8:07-cr-521-T-30EAJ

Judgment - Page 5 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __100.00__ due immediately, balance due

  __ not later than _____, or

  __ in accordance __ C, __ D, __ E or __ F below; or

B. __ Payment to begin immediately (may be combined with __ C, __ D, or __ F below); or

C. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ ____ over a period of ____, (e.g., months or years) to commence ____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within ____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution in the amount of $10,016 to the Social Security Administration. Restitution shall be paid within six months of the date of sentencing. The restitution is owed jointly and severally with the co-defendant, Frances Cropper. The defendant shall pay a fine of $10,000 immediately. Additionally, the proceeds received from the sale of any of the defendant's property is to be paid toward restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__ Joint and Several

  The defendant shall pay restitution in the amount of $10,016. The restitution is owed jointly and severally with the co-defendant, Frances Cropper.

__ The defendant shall pay the cost of prosecution.

__ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

  The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees, specifically including, but not limited to, a forfeiture money judgment in the amount of $10,016. The Court makes part of this judgment the Forfeiture Money Judgment [Dkt. 98].

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                CASE NO. 8:07-cr-521-T-30EAJ

FRED TOKARSKY

## FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court on motion of the United States for entry of a Forfeiture Money Judgment as to defendant Fred Tokarsky (Dkt. #93). The Court, being fully advised in the premises, finds that as a result of the offense, in violation of 18 U.S.C. §§ 1341, 1349 and 641, for which the defendant has been found guilty as charged in Counts One, Three, and Four, respectively, of the Superseding Indictment, defendant Fred Tokarsky obtained proceeds in the amount of $ 10,106 USD. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the United States' motion (Dkt. #93) is GRANTED.

It is FURTHER **ORDERED** that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), defendant Fred Tokarsky is jointly and severally liable, along with defendant Frances Cropper, to the United States of America for a forfeiture money judgment in the amount of $ 10,106 USD, which represents the amount of proceeds the defendant obtained as a result of the violations of 18 U.S.C. §§ 1341, 1349, and 641, for which the defendant has been convicted as charged in Counts One, Three, and Four of the Superseding Indictment.

The court retains jurisdiction to enter any orders necessary for the forfeiture and disposition of any property the government may seek as substitute assets, pursuant to 21 U.S.C. § 853(p) [incorporated under the provisions of 28 U.S.C. § 2461(c)], in satisfaction of such money judgment.

DONE and ORDERED in Tampa, Florida on November 4, 2008.

*JAMES S. MOODY, JR.*
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

S:\Odd\2007\07-cr-521.Forfeiture Judgment.Tokarsky 93.wpd

2